NOT RECOMMENDED FOR PUBLICATION
File Name: 20a0713n.06

Case No. 20-5750

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| TONY U. ODIGIE; JULIE L. ODIGIE, | ) | **FILED** |
| | ) | Dec 21, 2020 |
| Plaintiffs-Appellants, | ) | DEBORAH S. HUNT, Clerk |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| NATIONSTAR MORTGAGE, LLC, dba Mr. | ) | THE MIDDLE DISTRICT OF |
| Cooper, | ) | TENNESSEE |
| | ) | |
| Defendant-Appellee. | ) | |

BEFORE: CLAY, GILMAN, and THAPAR, Circuit Judges.

THAPAR, Circuit Judge. Tony and Julie Odigie seek relief from an ever-growing mortgage they have struggled to pay down. The district court concluded that their lender and creditor, Nationstar Mortgage, LLC, was entitled to summary judgment. We affirm.

I.

Tony and Julie Odigie took out an adjustable-rate mortgage from Nationstar Mortgage, LLC in 2002 to purchase their new home. From the get-go, there was trouble. The Odigies were late on their first payment and "delinquent several times a year for every year thereafter through 2018." Nationstar modified the interest rate, payment schedule, and capitalized principal amount numerous times to find a solution, but nothing worked. By early 2018, the principal balance had ballooned from $187,672 to $292,670. It continued to accumulate interest.

The Odigies sued Nationstar, alleging violations of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*, and Tennessee contract law. The district court entered summary judgment for Nationstar, and the Odigies appealed.

## II.

This court reviews an order granting summary judgment de novo. *Napier v. Madison Cnty.*, 238 F.3d 739, 741 (6th Cir. 2001). The Odigies cannot show that any material fact is in genuine dispute for either of their claims, nor do they present any persuasive argument as to why Nationstar is not entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). Thus, summary judgment was appropriate.

*Breach of Contract.* The Odigies alleged that Nationstar breached the parties' contract by increasing the interest rate four times in six months (when the contract allows for only one rate increase every six months). But the Odigies conceded before the district court that, in the relevant six-month period, there was only *one* rate increase (not four). So they cannot succeed on this claim.

*Truth in Lending Act.* The Truth in Lending Act promotes "meaningful disclosure of credit terms" to protect consumers. 15 U.S.C. § 1601(a). In the district court, the Odigies identified only one violation of the Act's implementing regulations—a failure to provide certain disclosures along with the loan application form or before the payment of any non-refundable fee. *See* 12 C.F.R. § 226.19(b). But on appeal, the Odigies concede that Nationstar fulfilled this obligation. Appellant Br. 10 (explaining that, under this provision, Nationstar was required to provide certain information "at closing," Nationstar "did that[,] and the closing was fine"). Thus, this claim is off the table as well.

What is their argument on appeal, then? They rely exclusively on a different regulatory provision—never cited in the district court—that governs disclosure requirements "subsequent" to closing. 12 C.F.R. § 226.20(a), (c). And they argue that Nationstar never made the necessary disclosures under this provision. But an appeal is not an opportunity to try out new legal claims. *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 552–53 (6th Cir. 2008). So we will not consider this argument now.

And even if we were to reach the new argument, the Odigies have not carried their burden. The cited provision requires additional disclosures for "refinancing[s]" and interest-rate adjustments in "variable-rate transaction[s]" after the initial loan. 12 C.F.R. § 226.20(a), (c). Rather than offer affirmative evidence of their claims, the Odigies pose unanswered questions to demonstrate the possibility that Nationstar did something wrong. *See* Fed. R. Civ. P. 56(c)(1) (requiring evidence to "support the assertion" that there is a factual dispute). And they make further insinuations without support. For example, the Odigies describe increases to their principal balance as "unexplained," even though the record shows a consistent and simple explanation: the combination of "the unpaid amount(s) loaned to [the Odigies] plus any interest and other amounts capitalized." Thus, even if we were to reach the merits of their last claim, it too is unavailing.

We affirm.